[No. 2145.]

## James Briggs v. The State.

1. **Theft — Possession — Variance.**— Indictment in this case alleged the ownership of the stolen property to be in M. W., and that it was taken from her possession. The proof showed that M. W. was a widow; that the stolen animal was the property of herself and her children by her deceased husband; that M. W., if not a lunatic, had not been able to attend, and had not attended, to her business affairs for years; that she lived with S., her father, who attended to her business and was the guardian of her children, and had the sole care and control of the property when stolen. *Held*, that, under the facts, the indictment should have alleged that the property was taken from the possession of S.; or else it should have alleged the ownership in M. W. and her children, and charged that it was taken from the possession of S., who was holding the same for them. The variance between the allegation and proof of possession is fatal.

2. **Same.**— Venue of the offense is an issue which, to support a conviction, must be affirmatively proved.

Appeal from the District Court of Dallas. Tried below before the Hon. G. N. Aldredge.

The opinion discloses the case. The punishment assessed against the appellant was a term of six years in the penitentiary.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. It was alleged in the indictment that the horse stolen was the property of, and taken from the possession of, M. Webb. The evidence showed that M. Webb was a widow; that the horse was the property of herself and her children by a former husband; that Mrs. Webb, if not a lunatic, was in such condition of mind and body as that, for several years, she had not been able to attend, and had not attended, to any of her business affairs. She lived with W. A. Sanderson, her father, who attended to her business, was the guardian of her children, and had the care, custody and control of the horse in question, and Mrs. Webb did not have the control of the horse or any of her property.

Under these facts, the indictment should have alleged the property to have been in and taken from the possession of W. A. Sanderson (*Bailey* v. *The State*, 18 Texas Ct. App., 426; *Frazier* v. *The State*, 18 Texas Ct. App., 434, and *Bailey* v. *The State*, decided at the present term, *ante*, p. 68), or the allegation of ownership should have charged the horse to be the property of Mrs. M. Webb and her children, and that it was taken from the possession of Sanderson, who was holding the same for them.

There is fatal variance between the allegation and proof as to possession. The venue of the offense is not affirmatively and directly proven.

*Reversed and remanded.*